UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DELTA AIR LINES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:14-cv-00926 |
| INFLUENCE DIRECT, LLC, | ) ) ) |
| Defendant. | ) ) |

| | |
|---|---|
| DELTA AIR LINES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:14-cv-01112 |
| ANDY RIDDLE; JEREMY CROSSLIN; SCOTT BEACH; JANDAR CORPORATION; JANET DAVIS; DARRELL CARTER; PERRY RUIZ; VTS MANAGEMENT, LLC; RESORT CONNECTIONS, LLC; AND JOHN DOES 1-10, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## RULE 26(f) MEETING REPORT AND INITIAL CASE MANAGEMENT ORDER

Come the parties, by and through counsel, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.01(d), and submit the following Meeting Report and proposed Initial Case Management Plan for the Court's consideration. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the parties conducted a discovery planning meeting on May 27, 2014. Attorney Jamie P. Woodard represented the Plaintiff. Attorneys Ryan D. Levy and John F. Trigg represented <u>Andy Riddle, Jeremy Crosslin, and Scott Beach (hereinafter the "Individual Defendants") and</u> Influence Direct, Inc.

1. **Jurisdiction**

This Court has subject matter jurisdiction predicated on 28 U.S.C. §§ 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (original jurisdiction in trademark cases); and 15 U.S.C. §§ 1114 *et seq*. (the Lanham Act). Jurisdiction is not disputed.

2. **Plaintiff's Theory of the Case**

Defendant is a printer-mailer involved in what is known as a travel club scheme. These are schemes that States Attorneys General, Better Business Bureaus, and consumer watchdog groups throughout the country have decried as fraudulent. Without authorization, Defendant printed and mailed thousands of postcards bearing the DELTA and WIDGET LOGO Marks. These postcards promised the Recipient-Victims two free Delta airfares and instructed them to call a toll-free number. Recipients who call the number are asked qualifying questions to determine their income and marital status. Recipients who are married and have a sufficient income level are then told they must attend a presentation at a hotel near their home in order to receive their free airfares. These presentations are, in fact, high-pressure sales presentations seeking to cause the Recipients to purchase so-called travel club memberships, which cost thousands and promise – but do not actually deliver – discounted travel services. Recipients who attend the presentations and then insist on receiving their free airfares and given vouchers, which when the Recipients attempt to redeem are either worthless or have additional associated fees, costs, and restrictions as to make the resulting airfares anything but free. The travel club scheme is well known in the travel industry, and the Defendant is a travel industry insider. This is a textbook case of intentional trademark infringement, unfair competition, dilution and tarnishment of a famous mark, as well as related civil wrongs arising under federal and state law.

### 3. Defendant's Theory of the Case

<u>Influence Direct:</u>

Influence Direct is a direct mail company that serves over 100 customers in a range of industries. Influence Direct is not a travel fulfillment company or a "travel scheme." Influence Direct has never actively or intentionally participated in a travel scheme in any sense. It provides direct mail services to customers who request the services and contract with Influence Direct. Influence Direct earned less than $21,000 in gross profits on a total of twelve accused mailings over the course of nearly three years.[1] This is hardly the stuff of a "travel club scheme" by a "travel industry insider." Instead, as for Influence Direct: this is simply a trademark infringement case, not the massive conspiracy that Delta's statement—which reads like an ad for a fictional paperback novel—appears to describe. Despite having now filed <u>five</u> complaints in this action, Delta's utter lack of specificity about Influence Direct's actions—other than mailing ads generated and submitted by travel agency customers (or entities representing themselves as such)—suggests that Delta cannot show that its accusations against Influence Direct of conspiracy and scheming will hold up.

Influence Direct believes that, considering Delta's access to all of Influence Direct's documents pursuant to expedited discovery granted in the Northern District of Georgia, Delta should be aware by now that Influence Direct is not the organizer of a travel scheme. Influence Direct believes that Delta's continued insistence to the contrary is in bad faith because it has been made aware of such facts.

---

[1] To be clear, Influence Direct did not profit from or have financial interest in whatever was advertised on the mailings—<u>all</u> of Influence Direct's profits derived from providing the service of arranging the printing and mailing of cards and/or letters to customers.

Influence Direct's immediate and forthright willingness to abide by the preliminary injunction, without protest, demonstrates that Influence Direct has no part in whatever scheme one or more of these travel agencies concocted; moreover, it shows that Influence Direct has at all times acted in good faith. Influence Direct had no intent to infringe others' intellectual property. If there was any infringement, it was the result of projects executed on behalf of two customers out of hundreds of customers and makes up a miniscule proportion of the amount of mail sent by Influence Direct for all of its customers. Moreover, Influence Direct requires all customers to sign a written contract warranting that the customers had permission/authorization to use any intellectual property involved. Thus, if anything, Influence Direct is a victim of deceit from certain customers.

The Individual Defendants:

Where applicable, the Individual Defendants adopt Influence Direct's theory of the case.

In particular, the Individual Defendants believe that Delta's attempts to construe their company's work as part of a conspiracy is not based in fact. The Individual Defendants did not participate in any conspiracy at any time. At all times, they were acting on behalf of and in furtherance of the corporation Influence Direct. The Individual Defendants are not and have never been involved in a travel scheme; they operate a legal and legitimate business providing real, valuable services to a large number of customers in a range of industries.

Similar to Influence Direct, the Individual Defendants believe that, considering Delta's access to all of Influence Direct's documents pursuant to expedited discovery granted in the Northern District of Georgia, Delta should be aware by now that the Individual Defendants are not the organizers of a travel scheme. The Individual Defendants believe that Delta's continued insistence to the contrary is in bad faith because it has been made aware of such facts.

4. **Identification of the Issues**

   **Resolved:** Jurisdiction and venue.

   **Disputed:**

   (1) Are the Defendants liable to Plaintiff for trademark infringement pursuant to Section 43(a) of the Lanham Act? If so, what are the terms of the permanent injunction that should issue against Defendants, and to what damages is Plaintiff entitled?

   (2) Are the Defendants liable to Plaintiff for unfair competition pursuant to Section 43(a) of the Lanham Act? If so, what are the terms of the permanent injunction that should issue against Defendants, and to what damages is Plaintiff entitled?

   (3) Are the Defendants liable to Plaintiff for dilution and/or tarnishment of a famous mark pursuant to Section 43(a) of the Lanham Act? If so, what are the terms of the permanent injunction that should issue against Defendants, and to what damages is Plaintiff entitled?

   (4) Are the Defendants liable to Plaintiff for contributory trademark infringement 15 U.S.C. § 1114? If so, what are the terms of the permanent injunction that should issue against Defendants, and to what damages is Plaintiff entitled?

   (5) Are the Defendants liable to Plaintiff for federal civil Racketeer Influenced & Corrupt Organizations ("RICO") Act violations pursuant to 18 U.S.C. § 1964? If so, to what damages is Plaintiff entitled?

   (6) Are the Defendants liable to Plaintiff for unfair competition, deceptive trade practices, and/or unjust enrichment under Tennessee State law?

   (7) Are the Defendants liable to Plaintiff for punitive damages?

5. **Other Claims of Special Issues**

6. **Witnesses (Subject to Supplementation)**

**Plaintiff:**

Employees and Corporate Designees of Delta Air Lines, Inc.;

Timothy Huhn;

Michael Kenney;

Andy Riddle;

Jeremy Crosslin;

Scott Beach;

Darrell Carter;

Janet Davis; and

Perry Ruiz.

**Defendants:**

Employees and Corporate Designees of Delta Air Lines, Inc.

All witnesses designated by Plaintiff

Other persons not yet identified

7. **Schedule of Pretrial Proceedings**

a. Fed. R. Civ. P. 26(a)(1) initial disclosures shall be served within thirty (30) days from the initial case management conference.

b. The deadline for filing motions to amend the pleadings is September 5, 2014, unless leave of Court is obtained for good cause shown. Otherwise, amendments to conform with the evidence as developed during discovery shall be governed by the Federal Rules of Civil Procedure.

c. The deadline for the Plaintiff to disclose in accordance with Fed. R. Civ. P. 26(a)(2)(C) all experts is August 6, 2014.

d. The deadline for the Plaintiff to complete all expert depositions for evidence is September 8, 2014.

e. The deadline for Defendants to disclose [in accordance with Fed. R. Civ. P. 26(a)(2)(C)] all experts is August 20. 2014.

f. The deadline for Defendants to complete all expert depositions for evidence is September 22, 2014.

g. Plaintiff shall have until October 6, 2014, to complete any rebuttal expert proof.

h. All discovery shall be completed by October 30, 2014. The deadline for filing discovery-related motions is November 14, 2014. Prior to filing any discovery-related motion, the parties shall schedule and conduct a telephone conference with the Magistrate Judge.

**8. Dispositive Motions**

Dispositive motions shall be served and filed on or before December 1, 2014. Any response to a dispositive motion shall be filed within fourteen (14) days of the filing of the motion, unless the response is to a motion for summary judgment, in which case the responding party shall have twenty-one (21) days to respond. Any reply, if necessary, shall be filed within fourteen (14) days of the filing of the response. Any motion or response memoranda shall be limited to twenty-five (25) pages, absent Court approval otherwise. Any reply shall be limited to five (5) pages, absent Court approval otherwise. If dispositive motions are filed early, the response and reply dates will be moved up accordingly.

## 9. Other Deadlines

The Parties shall file all Motions to Amend or Motions to Add/Join Parties on or before September 5, 2014.

## 10. Subsequent Case Management Conference

Based upon the needs of the case, a subsequent case management conference shall be conducted telephonically on September 30, 2014, at 10:00 A.M. This conference shall be initiated by counsel for the Plaintiff.

## 11. Alternate Dispute Resolution/Prospects for Settlement

The parties **do not** agree that this case is appropriate for alternate dispute resolution at this time, but there is some possibility of settlement after discovery, which is ongoing.

Influence Direct believes that this case is appropriate for alternative dispute resolution, especially in light of the fact that Influence Direct has already provided significant discovery as requested by Delta. Influence Direct's counsel has informed Delta that Influence Direct would like to engage in mediation. Delta has indicated that it does not oppose mediation.

The Individual Defendants agree that this case is appropriate for alternative dispute resolution.

Separately, if the multiparty case in the Northern District of Georgia (from which Influence Direct was transferred and the Individual Defendants were dismissed) goes to mediation, Influence Direct and the Individual Defendants will request to participate in that mediation.

12. **Target Trial Date:** April 21, 2015.

The parties request a **jury** trial in January 2015. Plaintiff presently estimates that trial will take two (2) weeks. Influence Direct and the Individual Defendants estimate that trial will take four (4) days.

13. **Discovery Limitations**

The parties presently do not anticipate that enlargement of the discovery limitations set forth in the Federal Rules of Civil Procedure will be required. However, the parties reserve the right to request an enlargement from the Court should such become necessary as discovery proceeds. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with the ~~Court~~ Magistrate Judge.

The subjects of discovery include the elements necessary to establish each of Plaintiff's causes of action; the damages that Plaintiff alleges it has suffered as a result of Defendants' complained-of acts; Plaintiff's entitlement to permanent injunctive relief; and the facts underlying each defense asserted by Defendant.

The parties anticipate the request and production of electronically-stored information only to the extent that any documents requested happen to be stored or available electronically. The parties do not anticipate the production of any substantial quantity of electronically-stored documents or the production of documents in any electronic format that require specialized software to read the documents. Electronically-stored discoverable documents and e-mails shall be produced, whenever possible, in a form compatible with one of the following Microsoft Office programs: Outlook (e-mails), Word (documents), PowerPoint (PowerPoint presentations),

Excel (spreadsheets), or Access (databases). Pictures, photographs, and other graphics shall be produced in one of the following formats: PDF, GIF, JPEG, or TIFF.

Prior to transfer, Plaintiff and Defendants consented to the entry of a Stipulated Protective Order to govern the production and treatment of confidential documents. That stipulated order may be found at docket entry 23. The Parties agree that this order should remain in full force and effect and should continue to be applied going forward.

14. **Status of Service of Process**

Influence Direct was served on December 19, 2013. The Individual Defendants waived service on or around May 19, 2014, so their answer is due on July 18, 2014.

15. **Status of Responsive Pleadings to the Complaint**

Influence Direct filed its Answer on January 16, 2014. The Individual Defendants will answer by July 18, 2014; however, the Individual Defendants are considering filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) prior to the deadline to answer.

All of the foregoing is **SO ORDERED.**

_/s/ John Bryant, USMJ_
JUDGE

**APPROVED FOR ENTRY:**

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

BY: /s/ Barret S. Albritton
BARRET S. ALBRITTON
(BPRN 022655)
J. PAUL BREWER
(BPRN 025289)
801 Broad Street, Third Floor
Chattanooga, TN 37402
(423) 265-0214
Barret.albritton@leitnerfirm.com
Paul.brewer@leitnerfirm.com

**WELLBORN, WALLACE &**
**WOODARD, LLC**
    **PAUL F. WELLBORN III**
    GABN 746720 *(Pro Hac Vice)*
    **KELLY O. WALLACE**
    GABN 734166 *(Pro Hac Vice)*
    **JAMIE WOODARD**
    GABN 775792 *(Pro Hac Vice)*
    1175 Peachtree St., NE
    100 Colony Square, Suite 300
    Atlanta, Georgia 30361
    (404) 815-9595
    (404) 815-9957 - Fax
    pete@wellbornlaw.com
    kelly@wellbornlaw.com
    jamie@wellbornlaw.com

*Attorneys for Plaintiff*


**WADDEY & PATTERSON**

**BY:**   /s/ Ryan D. Levy
       **RYAN D. LEVY**
       (BPRN 024568)
       **JOHN F. TRIGGS**
       (BPRN 026718)
       Roundabout Plaza
       1600 Division Street
       Suite 500
       Nashville, TN 37203
       (615) 242-2400
       (615) 242-2221 - Fax
       rdl@iplawgroup.com
       jft@iplawgroup.com

       *Attorneys for Influence Direct,*
       *Andy Riddle, Jeremy Crosslin & Scott Beach*