IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DELTA AIR LINES, INC. )
) NO. 3-14-0926
v. ) NO. 3-14-1112
) CONSOLIDATED CASES
INFLUENCE DIRECT, LLC, ) JUDGE CAMPBELL
et al. )

MEMORANDUM

Pending before the Court is a Motion to Dismiss (Docket No. 52), filed by Defendants Riddle, Crosslin and Beach. For the reasons stated herein, Defendants' Motion is DENIED.

INTRODUCTION

This action concerns alleged intentional trademark infringement and related causes of action brought against both corporate and individual Defendants. Defendants Riddle, Crosslin and Beach have filed a Motion to Dismiss the claims against them, arguing they are protected as officers, directors and shareholders of Influence Direct, a corporation. They also contend that Plaintiff's Complaint fails to plausibly plead a cause of action against them and Plaintiff has failed to plead the alleged fraud with particularity.

Plaintiff responds that it is not attempting to "pierce the corporate veil," as Defendants suggest. Rather, Plaintiff contends that these Defendants are individually liable for their own direct participation in the alleged fraud and infringement. Plaintiff also argues that its Complaint is sufficiently specific to state a plausible claim against Defendants.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

DISCUSSION

The Court need not address Defendants' arguments concerning the protection of the corporate veil, since Plaintiff admits it is not attempting to pierce that veil; rather, it has sued these Defendants individually for their alleged direct participation in the fraud and infringement.

A corporate officer's or employee's active participation in infringing activity is sufficient to subject him or her to joint and several liability for trademark infringement. *Timber Products Inspection, Inc. v. Coastal Container Corp.*, 827 F.Supp.2d 819, 824 (W.D. Mich. 2011); *American Energy Corp. v. American Energy Partners*, 2014 WL 1908290 (S.D. Ohio May 9, 2014) ("Although the Sixth Circuit has not addressed the issue, several district courts within the Sixth Circuit have held that employees and corporate officers can be held individually liable under the Lanham Act.").

Plaintiff's Complaint (Docket No. 1 in the companion case, 3-14-cv-1112) alleges that every Defendant, including the individuals, had both actual and constructive knowledge of the infringing, fraudulent, and illegal nature of the wrongful acts.¶ 4. The Complaint alleges that the Defendants,

2

including the individuals, manufactured, *mailed*, and are otherwise using and/or profiting from the infringing materials. ¶ 29. The Complaint avers that the individuals Defendants (Crosslin, Riddle and Beach) personally participated in, directed, and ratified the tortious and infringing acts. ¶¶ 84-85. The Complaint asserts that during the course of planning and carrying out their illegal scheme or artifice, Defendants, including the individual Defendants, caused to be transferred by U.S. mail a massive number of fraudulent postcards bearing the Delta marks. ¶ 103.

In addition, the Complaint alleges that every Defendant, including the individuals, is likewise culpable and liable for contributory trademark infringement and for willfully, knowingly, intentionally and in bad faith participating in, aiding, abetting, enabling, encouraging, ratifying, profiting from, inducing, knowing of, conspiring to carry out, and otherwise contributing to the direct infringement. ¶¶ 142-43.

Defendants argue that Plaintiff is ignoring "a major factual issue" (Docket No. 63, p. 2) because neither Influence Direct nor the individual Defendants created any content for any of the alleged infringing materials. The Court cannot determine factual issues on a Motion to Dismiss. For purposes of this Motion, the Court must accept the allegations of the Complaint as true. The Complaint sets forth the individual Defendants' participation through printing and mailing allegedly misleading and infringing direct marketing materials, sent through the U.S. mail by (among others) the individual Defendants. The Complaint also alleges that the individual Defendants, as members of this alleged conspiracy or scheme, knew that the marks were infringing.

The individual Defendants disagree with these assertions, claiming they relied upon their customers to be sure they had permission to use these marks and that they merely acted on their customer's orders, not knowing that the marks were infringing. Clearly there are factual issues as

to the individual Defendants' conduct and their knowledge, either actual or constructive, of the allegedly illegal scheme. As noted, the Court cannot determine who is being truthful and who is not at this stage of the litigation.

Plaintiff's Motion for Preliminary Injunction alleges specific incidents of the individual Defendants' printing and mailing postcards illegally bearing the Delta marks for a client named Perry Ruiz. Docket No. 2 in case 3-14-cv-1112, pp. 7-11. The Court finds that the allegations of trademark infringement, unfair competition, Lanham Act violations and contributory infringement set forth in Plaintiff's pleadings are sufficient for purposes of this Motion.

Defendants also claim that Plaintiff has failed to state a plausible claim for Federal Civil Rico violations, arguing that because the RICO claim hinges on the allegations of mail fraud and wire fraud, the RICO claim should also fail.

The Complaint alleges that Defendants (including the individual Defendants) committed mail fraud through causing to be transferred by U.S. mail a massive number of fraudulent postcards, in violation of 18 U.S.C. § 1341. Plaintiff's allegations include copies of the allegedly fraudulent mail items, specification of the dates upon which the alleged mail campaigns were carried out, and the customer on whose behalf the allegedly illegal direct mail campaign was undertaken. The Court finds that the RICO claim, even if it may not ultimately be proven, sufficiently identifies the underlying predicate acts and scheme to survive a Motion to Dismiss.

## CONCLUSION

If the individual Defendants "directly" or "actively" participated in the alleged infringing and fraudulent scheme, they could be liable in this action. Whether they did so participate cannot be determined on a Motion to Dismiss. Moreover, if Plaintiffs can prove the truth of their alleged civil

4

RICO violations, the individual Defendants could be liable. Once discovery is complete, these issues may be more appropriately addressed by a Motion for Summary Judgment.

For these reasons, the individual Defendants' Motion to Dismiss (Docket No. 52) is DENIED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE